IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

SCOTT MARSHALL THOMAS DAWYOT, )
                                           )
    Plaintiff,                            )
                                           ) Civil Action No. 7:15cv676
v.                                          )
                                           )
NANCY A. BERRYHILL,                ) By: Michael F. Urbanski
Commissioner of Social Security,       ) Chief United States District Judge
                                           )
    Defendant.                            )

## MEMORANDUM OPINION

This social security disability appeal was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation on June 14, 2017, recommending that plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted and the Commissioner's final decision be affirmed. Plaintiff Scott Marshall Thomas Dawyot has filed objections to the report, and this matter is now ripe for the court's consideration.

I.

Rule 72(b) of the Federal Rules of Civil Procedure permits a party to "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations within fourteen days of being served with a copy of the report. See also 28 U.S.C. § 636(b)(1). The Fourth Circuit has held that an objecting party must do so "with sufficient

specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir.), cert denied, 127 S. Ct. 3032 (2007).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. Apr. 28, 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982))). "The court will not consider those objections by the plaintiff that are merely conclusory or attempt to object to the entirety of the Report, without focusing the court's attention on specific errors therein." Camper v. Comm'r of Soc. Sec., No. 4:08cv69, 2009 WL 9044111, at *2 (E.D. Va. May 6, 2009), aff'd, 373 F. App'x 346 (4th Cir.), cert.

denied, 131 S. Ct. 610 (2010); see Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only '*those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*.'"). Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012); see also Thomas v. Arn, 474 U.S. 140, 154 (1985) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed").

Additionally, objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-45 (W.D. Va. 2008). As the court noted in Veney:

> Allowing a litigant to obtain de novo review of [his] entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505,] [] 509 [(6th Cir. 1991)].

539 F. Supp. 2d at 846. A plaintiff who reiterates his previously-raised arguments will not be given "the second bite at the apple [ ]he seeks;" instead, his re-filed brief will be treated as a general objection, which has the same effect as would a failure to object. Id.

## II.[1]

Dawyot raised two principal arguments on summary judgment: 1) that the Administrative Law Judge's (ALJ) residual functional capacity (RFC) determination is not supported by substantial evidence, because he did not conduct a function-by-function analysis, specifically as regards Dawyot's fatigue and ability to stoop, and 2) that the ALJ's credibility findings are not supported by substantial evidence. The magistrate judge considered these arguments, rejected them, and found substantial evidence supports the ALJ's determination that there are jobs that exist in significant numbers in the national economy that Dawyot can perform. Dawyot has objected to the magistrate judge's conclusions as to each of these arguments.

### A.

Dawyot specifically takes issue with the magistrate judge's citation to page 25 of the administrative record in support of his conclusion that the ALJ properly conducted a function-by-function analysis in formulating Dawyot's RFC. Dawyot argues:

> The Report and Recommendation cites to page 25 in the record in support of this conclusion. (Dkt. #25, p. 7). On page 25 in the record, (page 10 of 13 of the ALJ's decision), the ALJ's entire discussion is regarding plaintiff's allegations of pain. The ALJ never discusses plaintiff's allegations of fatigue. (R. 24).
>
> Consequently, the ALJ did not perform a function by function analysis as required under SSR 96-8p, in which he considered plaintiff's fatigue and the Report and Recommendation erred in concluding the ALJ's finding that plaintiff is capable of occasionally stooping is supported by substantial evidence. (Dkt. #25, p. 9). . . .

---

[1] Detailed facts about Dawyot's impairments and medical and procedural history can be found in the report and recommendation (ECF No. 25) and in the voluminous administrative transcript (ECF No. 11). As such, they will not be repeated here.

4

Pl.'s Obj., ECF No. 26, at 1-2. As regards stooping, Dawyot likewise argues:

> The Report and Recommendation cites to the record at page 25 to support the conclusion that the ALJ properly considered plaintiff's ability to stoop at the sedentary exertional level. (Dkt. #25, pp. 9-10).
>
> At page 25 of the record (page 11 of 13 of the ALJ's decision), the ALJ never discusses plaintiff's ability to stoop. (R. 25). . . .

Pl.'s Obj., ECF No. 26, at 2.

Notwithstanding Dawyot's assertions to the contrary, the magistrate judge did not rely solely on page 25 of the administrative record in considering Dawyot's argument and concluding the ALJ properly conducted a function-by-function analysis. Rather, the magistrate judge summarized the relevant medical evidence, discussed the requirements of Social Security Ruling 96-8p, and distinguished this case from Monroe v. Colvin, 826 F.3d 176 (4th Cir. 2016), which Dawyot relied upon in his summary judgment brief. Report & Rec., ECF No. 25, at 4-8. The magistrate judge went on to find that the ALJ properly considered Dawyot's allegations of fatigue and his complaints of an unsteady gait, weakness, and numbness in his right leg, and balance problems. The magistrate judge pointed to specific portions of the ALJ's opinion and evidence in the record that support the ALJ's conclusion that Dawyot's fatigue would not impact his ability to work and that Dawyot is capable of occasional stooping. Report & Rec., ECF No. 25, at 8-10.

Indeed, the ALJ acknowledged Dawyot's complaints of fatigue, weakness, numbness and an unsteady gait in his opinion (Administrative Record, hereinafter "R." 17-18, 24), and discussed in detail the voluminous medical evidence of record in this case (R. 17-23). The

ALJ also noted portions of the record that indicate Dawyot exercised regularly, did a great deal of walking, and had twisted his ankle while caving. (R. 24.) The ALJ concluded:

> Although the claimant's CVA [Cerebrovascular accident] resulted in some residuals, the medical evidence shows significant improvement in the claimant's condition with treatment such as medications and physical therapy. Treatment notes show that the claimant's treating medical experts discontinued his Coumadin therapy. Physical therapy notes show marked improvement in the claimant's physical abilities. The sedentary residual functional capacity herein allows for the residual effects of these incidents and gives some weight to the claimant's subjective allegations.

(R. 25.) The ALJ explained that, in so finding, he gave some weight to the determination of reviewing state agency physicians, including Thomas Phillips, M.D., who assessed Dawyot as capable of performing light work with limited pushing/pulling with the right lower extremity and some postural limitations, including occasional stooping.[2] (R. 25; see R. 100.) However, "[c]onsidering evidence added at the hearing level and the claimant's subjective allegations," the ALJ "further reduced the claimant's residual functional capacity" to a limited range of sedentary work. (R. 25.)

Additionally, as the magistrate judge recognized, the ALJ gave some weight to Dawyot's treating physician Dr. Chapmon, who stated in a September 28, 2011 treatment note that Dawyot was "doing well with home exercise program" and opined that Dawyot "[p]reviously worked in construction, I think he could return, but may have some work restrictions." (R. 1284.) The ALJ stated: "Considering the claimant's subjective allegations, the undersigned reduced the claimant to sedentary work, with limited periods of standing.

---

[2] The court notes that the other reviewing state agency physician Joseph Duckwall, M.D., also determined Dawyot was capable of performing light work with certain postural limitations, including occasional stooping. (R. 85.)

6

However, the undersigned notes that the claimant's musculoskeletal exams are essentially normal." (R. 26.)

There is simply no merit to Dawyot's argument that the magistrate judge erroneously cited to page 25 of the administrative record in finding the ALJ properly conducted a function-by-function analysis. As the magistrate judge held, the ALJ's narrative discussion of the evidence in support of his findings satisfies the requirements of Social Security Ruling 96-8p, and the ALJ gave a sufficient explanation for why Dawyot's complaints of fatigue did not impact his ability to work and why he determined Dawyot could occasionally stoop.[3]

**B.**

With respect to the magistrate judge's finding that the ALJ's credibility assessment is supported by substantial evidence, Dawyot takes issue with the magistrate judge's "failure to acknowledge that the ALJ erroneously found plaintiff alleged he continuously uses a motorized cart. (R. 24, Dkt. # 25, p. 12)." Pl.'s Obj., ECF No. 26, at 3. In his summary judgment brief, Dawyot raised the argument that the ALJ took his statement that he used a motorized cart out of context, see Pl.'s Br., ECF No. 18, at 33, and the magistrate judge rejected this argument, concluding the ALJ conducted a proper credibility assessment in this case. The court finds no error in the magistrate judge's conclusion. Indeed, the ALJ did not erroneously find that plaintiff alleged he "continuously uses a motorized cart," as Dawyot claims in his objections. Rather, the ALJ noted that on a recent Adult Function Report, Dawyot "said he had to use a motorized cart." (R. 24.) This is not an inaccurate statement of

---

[3] For these same reasons, the court also rejects Dawyot's unsupported argument that the "Report and Recommendation attempts to mine the record for support that plaintiff's fatigue would not impact his ability to work and impermissibly attempts to building a logical bridge that the ALJ never made in his decision." Pl.'s Obj., ECF No. 26, at 2.

7

the record. Dawyot represented that he goes grocery shopping every two weeks for "about an hour or so" and "use[s] a motorized cart." (R. 288.) The ALJ explained in his opinion that the medical evidence of record and Dawyot's own statements do not support any need to use a motorized cart. (R. 24-25.)

Dawyot also argues the magistrate judge "reference[s] that plaintiff stopped wearing his right ankle-foot AFO [ankle foot orthosis] but ignore[s] the rest of the evidence of record that confirms the orthosis broke and plaintiff could not afford to obtain a new AFO. (R. 62, 1985)." Pl.'s Obj., ECF No. 26, at 4. Again, Dawyot raised this argument on summary judgment, contending that the ALJ's use of plaintiff's attempts to walk with continued difficulty to undermine his credibility is "absurd." Pl.'s Br., ECF No. 18, at 34. As the magistrate judge explained, the ALJ juxtaposed the medical evidence indicating Dawyot is able to ambulate without difficulty and was not wearing his AFO—regardless of the reason—with Dawyot's statement that he used a motorized cart while grocery shopping, in order to illustrate that Dawyot's "conflicting statements impair his credibility." (R. 24; see also R. 25.)

Another of those "conflicting statements" is Dawyot's denial of cocaine use to Dr. Chapmon, while Dr. Chapmon takes note of the fact that Dawyot had 5 positive urine screens for cocaine and several for marijuana during the relevant period. (R. 1283-84.) Additionally, as the magistrate judge noted, Dawyot admitted to using cocaine and to "regular partying" during a visit to Roanoke Memorial Hospital in December 2010. (R. 555.)

Contrary to Dawyot's contention, the ALJ did not mischaracterize the evidence or fail to build a logical bridge between the evidence and his conclusions regarding Dawyot's

8

credibility. The magistrate judge correctly held that the ALJ employed the appropriate legal standard in making his credibility determination. The court finds no error in either the magistrate judge's report or the ALJ's credibility assessment. Credibility determinations are emphatically the province of the ALJ, not the court, and courts normally should not interfere with these determinations. See, e.g., Chafin v. Shalala, No. 92–1847, 1993 WL 329980, at *2 (4th Cir. Aug. 31, 1993) (per curiam) (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) and Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964)); Melvin v. Astrue, 6:06 CV 00032, 2007 WL 1960600, at *1 (W.D. Va. July 5, 2007) (citing Hatcher v. Sec'y of Health & Human Servs., 898 F.2d 21, 23 (4th Cir. 1989)).

### III.

At the end of the day, it is not the province of a federal court to make administrative disability decisions. Rather, judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to meet his burden of proving disability. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). To that end, the court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and

somewhat less than a preponderance. Perales, 402 U.S. at 401; Laws, 368 F.2d at 642. If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

The court has reviewed the magistrate judge's report, the objections to the report, and the administrative record and, in so doing, made a de novo determination of those portions of the report to which Dawyot properly objected. The court finds that the magistrate judge was correct in concluding that there is substantial evidence in the record to support the ALJ's decision. As such, the magistrate judge's report and recommendation will be adopted in its entirety.

An appropriate Order will be entered to that effect.

Entered: 07-24-2017

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge

10